IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DONALD MILES,                                                                                        PLAINTIFF
REG. #79320-079

v.                                    2:16CV00036-KGB-JTK

SANDRA FUTRELL, et al.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Donald Miles is a federal inmate incarcerated at the Federal Medical Center (Devens) in Ayer, Massachusetts. He filed this pro se action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging negligence and deliberate indifference while he was incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. He asks for monetary relief from Defendants. Plaintiff's Bivens claims against Defendants Futrell, Cunningham, Loveday, Weyant, and Maples were dismissed on February 27, 2017 (Doc. No. 50).[1]

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant United States of America (Doc. No. 54). By Order dated June 7, 2017, this Court directed Plaintiff to respond to the Motion, noting that failure

---

[1] The Court recommended dismissal of the United States Attorney General on May 5, 2016 (Doc. No. 10).

to respond would result in all of the facts set forth in the summary judgment papers deemed admitted, or the dismissal of the action without prejudice (Doc. No. 57). Plaintiff moved for an extension of time, and on July 5, 2017, this Court granted the Motion and directed that Plaintiff's response be filed within thirty days. (Doc. No. 59) As of this date, Plaintiff has not filed a Response.

## II.     Amended Complaint

Plaintiff alleged that the individual Defendants acted with deliberate indifference in the care and treatment of a diabetic foot wound, which resulted in at least three surgeries and the removal of a toe. He also alleged Defendant United States of America was liable for the individual Defendants' negligent treatment of his medical needs, and for the negligent hiring and retention of the employees.

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts

are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Negligent Hiring

Defendant asks the Court to dismiss this claim as barred by the discretionary function exception to the FTCA waiver of sovereign immunity. According to this exception, Defendant states that the FTCA does not waive an immunity from suit for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). And, if the discretionary function exception applies, this court lacks subject matter jurisdiction. Walters v. United States, 474 F.3d 1137, 1139 (8th Cir. 2007).

Having reviewed the case law cited by Defendant, and absent a response from Plaintiff contradicting such law, the Court finds that the discretionary function exception applies in this case to bar Plaintiff's negligent hiring claim against Defendant. To determine the applicability of the exception, the alleged governmental action must be the product of an employee's "judgment or choice," which was intended to be shielded from "second-guessing." Berkovitz v. United States,

4

486 U.S. 531, 536-7 (1988); Demery v. United States Department of Interior, 357 F.3d 830, 832-33 (8th Cir. 2004). Decisions regarding the staffing and training of a hospital or medical clinic are considered the type of decisions which courts should not second-guess. See Archambault v. United States, 82 F.Supp.3d 961, 965 (D.S.C. 2015), where the court held that hiring and staffing decisions made pursuant to operating procedures of a federal health clinic fell within the category of administrative policies protected by the discretionary function exception.

In this particular case, Plaintiff does not allege or show that the Defendant's staffing and operating procedures were subject to specific mandates, rather than subject to decisions made to maximize the effectiveness and resources of the health services department and Bureau of Prison resources. Therefore, pursuant to Archambault and other authority, the Court finds that the discretionary function exception applies in this case and that Plaintiff's negligent hiring claim must fail.

### B.  Negligent Medical Practices/Medical Malpractice

An action for medical injury filed pursuant to the FTCA, 28 U.S.C. § 2671, et seq., is prosecuted under the Arkansas Medical Malpractice Act, ARK. CODE ANN. § 16-114-201, et seq. Defendant states that pursuant to the statute, expert testimony is required "when the standard of care is not within the jury's common knowledge and when an expert is needed to help the jury decide the issue of negligence." Robbins v. Johnson, 367 Ark. 506, 512, 241 S.W.3d 747, 751 (2006). ACA § 16-114-206(a)(1)

However, Defendant states Plaintiff lacks medical expert testimony in this case, and therefore, cannot prove negligence as a matter of law. The discovery deadline was March 22, 2017 (Doc. No. 48), and as of this date, Defendant states that Plaintiff has not disclosed an expert

witness. Defendant maintains that expert testimony is necessary in this case, because the medical diagnosis and/or treatment of Plaintiff's foot wound is not within the common knowledge of a jury, and Plaintiff bears the burden of proof to show that his treatment fell below the standard of care and was the proximate cause of injuries he suffered. Finally, Defendant states that based on a review of Plaintiff's medical records and the declaration of Dr. Te Cora Ballom, Regional Medical Director for the South Central Region of the Federal Bureau of Prisons, Plaintiff's medical care met the community's standard of care for health care treatment. (Doc. No. 55-1)

In this FTCA action, this Court is bound to apply the law of the state in which the alleged acts occurred. 28 U.S.C. § 1346(b); Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993). As noted by Defendant, the Arkansas Medical Malpractice Act governs in this case, and requires that Plaintiff produce expert testimony to prove that Plaintiff's medical providers deviated from the standard of care ordinarily possessed by the medical care providers in the same locality, causing Plaintiff to sustain an injury that would not otherwise have occurred. ARK. CODE ANN. § 16-114-206.[2]

According to the Declaration of Dr. Ballom, Plaintiff arrived at FCI Forrest City on March 21, 2014, and was instructed about how to obtain health care. (Doc. No. 55-1, p. 3) Plaintiff did not express concern about an ulcer on his right foot, for which he had been treated while in transit to the FCI. (Id.) A staff physician evaluated him on March 27, 2014, and noted his history of diabetes and other medical conditions, including a right foot Rhabdomyosarcoma, which was

---

[2] In Broussard v. St. Edward Mercy Health System, Inc., 2012 Ark. 14, 386 S.W.3d 385 (Ark. 2012), the court struck language in the statute which required that the expert testimony be provided by a medical care provider of the same specialty as the defendant. The remaining language of the statute was upheld.

diagnosed in 1983 and treated with chemotherapy and radiation. (Id.) The physician referred Plaintiff to oncology due to the right foot ulcer in the same location, and it was assessed and a dressing change was performed on April 1, 2014. (Id.)  The next day the staff physician determined that Plaintiff required level three care and submitted a request for his transfer to a level three care facility. (Id., p. 4)  Plaintiff was seen by orthotics on April 7, 2014, and examined on April 16, 2014, where he was given instructions for wound care and a culture was taken. (Id.)  He was seen four times during the next week and did not complain about his foot ulcer. (Id.)  On April 21, 2014, Plaintiff appeared at the health services after falling, and on April 22, 2014, his wound culture was found to be positive for an infection and he was prescribed two antibiotics. (Id.)  A wound assessment on April 23, 2014 showed an additional wound located above the first, and Plaintiff was instructed to continue saline washes and reapply gauze twice a day. (Id.) His pain medications were renewed on April 27, 2014, and he was seen by orthotics on April 28, 2014. (Id., p. 5)

On April 30, 2014, he was sent to Forrest City Medical Center for evaluation and treatment after his wound was assessed and found to be deteriorating. (Id.)  He underwent IV antibiotic therapy and the fifth metatarsal bone of his right foot was amputated while in the hospital. (Id.)  He was discharged on June 2, 2014, and continued to receive regular examinations, dressing changes, pain medication and antibiotic therapy at FCI. (Id.)  He was placed on an antibiotic regimen on June 3, 2014, and his dressing was changed on June 8, 2014. (Id.)  He was admitted to the hospital again on June 9, 2014 for surgical wound debridement and antibiotic therapy, and remained there until June 13, 2014. (Id., p. 6) On June 17, 2014, sutures remaining from a skin graft he received in the hospital were removed and the grafted area showed redness

and yellow sloughing. (Id.) He continued to receive antibiotics and arrived at the health services on June 18, 2014, without a dressing on his wound. (Id.) A wound care specialist ordered pictures of the wound for review, which were taken on June 23, 2014. (Id.) On June 24, 2014, Plaintiff arrived at the health services with a soiled dressing which was changed and the wound was cleaned. (Id.) Plaintiff was again instructed to keep the dressing clean and dry. (Id.) His wound was cleaned and dressed on June 25, 2014, and June 27, 2014, and a culture was positive for MRSA. (Id.)[3] Plaintiff was prescribed Linezolid tablets for treatment of the MRSA on July 1, 2014. (Id.) His wound was cleaned and dressed on July 2, 2014, and on July 3, 2014, the regional wound care specialist recommended a surgical procedure to the skin graft. (Id., p. 7) A consultation request was submitted based on this recommendation and on July 14, 2014, and July 16, 2014, his wound was cleaned and dressed. (Id.) Plaintiff was transferred to the Federal Medical Center (Devens) on July 22, 2014. (Id.) Based on Dr. Ballom's review of Plaintiff's medical records, she finds, to a reasonable degree of medical certainty, that the Plaintiff's wound care was within the community's standard of care. (Id.)

The Court finds that the applicable standard of care in this case is not a matter of common knowledge, and that an expert witness is necessary to establish that the delay was a deviation from the standard of care and caused Plaintiff an injury that otherwise would not have occurred. Therefore, because Plaintiff has not designated an expert to support his claim of medical negligence, the Court finds the claim must fail. In addition, Plaintiff's failure to respond to the Motion and provide any evidence to contradict that which is found in his medical records shows

---

[3] Methicillin-resistant Staphylococcus Aureus (MRSA) is a bacterium that causes infections in different parts of the body, resistant to some commonly-used antibiotics. www.webmd.com/skin-problems-and-treatments.

that there was no deviation in the standard of care provided to him and that Defendant is entitled to judgment as a matter of law.

## IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 54) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 10th day of August, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE